| 129 | 643 |
| 187 | 202 |

# Lyon *v.* Hardin, *et al.*

*Bill in Equity for the Specific Performance of Contract for Sale of Lands.*

1. *Contract for sale of homestead, can not be specifically performed.* Against the objection and refusal of the wife, a court of equity is without power or authority to compel the specific performance of an option or contract for the sale of a homestead, notwithstanding such contract may have been entered into by the wife and executed and acknowledged by her as required by law for the alienation of a homestead.

2. *Homestead; selection thereof from larger tract.*—Where a tract of land contains 200 acres, 160 acres of which constitute a solid square block and the remaining 40 acres touch such block at an angle, and the owner had his dwelling house on the 40 acre tract, but cultivated his farm on the adjoining 160 acres, such owner is entitled to a homestead of 160 acres out of the tract of 200, if it does not exceed in value the statutory limit, and can select as his homestead the 160 acres that lie in a solid body.

3. *Same; not estopped to claim homestead by contract of sale.* Where the owner of 200 acres of land gives an option for the sale of 160 acres, such contract, though executed and acknowledged by the wife in the manner prescribed by law for the alienation of a homestead, does not estop said owner and his wife from thereafter making selection of the said 160 acres as a homestead.

APPEAL from the City Court of Birmingham, in Equity.

[Lyon v. Hardin *et al.*]

Heard before the Hon. CHAS. A. SENN.

The bill in this case was filed by the appellant, Henry Lyon, against the appellees; and sought to have specifically enforced a contract for the sale of certain lands.

On the final submission of the cause upon the pleadings and proof, the chancellor rendered a decree denying the relief prayer for and ordering the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

BOWMAN & HARSH, for appellant.—Homestead must be claimed in order to be available.—*Motley v. Jones*, 98 Ala. 443.

Under the law in Alabama upon which depends homestead rights and alienation of the homestead, the property of the husband may be sold without the wife joining in the conveyance at all, so that her voluntary signature and assent duly certified by the proper officer is had. The distinction is that the wife is not a necessary grantor in the deed.—*Shelton v. Aultman & Taylor Co.*, 82 Ala. 315; *Hood v. Powell*, 73 Ala. 171; *Dooley v. Villalonga*, 61 Ala. 129; *Long v. Mostyn*, 65 Ala. 543.

The statute does not require that the wife make or deliver a deed, but requires specific things of her, namely, voluntary signature and assent, which is to be shown by a certificate of a proper officer. These requirements were fully met in the case at bar, and there is no further question of compliance with the homestead laws in this case. The following are some authorities from other states, showing that specific performance will be granted against the wife when the contract is executed according to the statute.—*Banbury v. Arnold*, 91 Cal. 606; *Kingsley v. Gillman*, 15 Minn. 50; *Union Brick and Tile Co. v. Lorilard*, 44 N. J. Eq. 1; *Baker v. Hathaway*, 5 Allen, 105; *Donkel v. Hunter*, 61 Pa. 382: (s. c.) 100 Am. Dec. 651; *Gilbert v. Sleeper*, 71 Cal. 290; *Decka v. Zeigler*, 32 Atl. Rep. 241.

WARD & HOUGHTON, *contra.*—The contract involved in this case being for the sale of a homestead, can not be enforced in a court of equity. "The constitution and

[Lyon v. Hardin *et al.*]

the statute have reference to some mode of alienation by which the title passes *in presenti.*—*Griffin v. Ventriss,* 91 Ala. 366; *Cox v. Holcomb,* 87 Ala. 589; *Striplin v. Cooper,* 80 Ala. 256; *Blythe v. Dargin,* 68 Ala. 370; *Henderson v. Kirkland,* 28 So. Rep.; *Jenkins v. Harrison,* 66 Ala. 345; *Ross v. Parks,* 93 Ala. 158.

The deed which was tendered by the complainant to the defendants in this case was not such a deed as they could be compelled to execute.—*Irwin v. Bailey,* 72 Ala. 467; *Moore v. Crowder,* 72 Ala. 79; *Wilkinson. v. Searcy,* 74 Ala. 243; *Kelly v. Allen,* 34 Ala. 663; *Walton v. Bonham,* 24 Ala. 513; *Clark v. Zeigler,* 79 Ala. 346; *Stoudenmire v. DeBardeleben,* 85 Ala. 85; *Perdue v. Brooks,* 85 Ala. 459.

HARALSON, J.—The defendants, on the 22d February, 1896, had leased for twenty years to Wm. Bibby, one hundred and sixty acres of the two hundred in question, viz., the E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of section 31, township 15, range 4, containing 80 acres; and the W. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of section 32, same township and range, containing 80 acres, with a reservation of a right to sixty acres of surface land for farming purposes.

On the 29th July, 1899, the defendants entered into a written contract with the complainant to sell to him, for an agreed price, the 160 acres of land above described, and also the surface right of the N. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of section 5, township 16, range 4, containing 40 acres. This contract was what is termed an option, to the complainant,—to quote its language,—that if he should "conclude to purchase said tract or parcel of land from them [the defendants], at any time before the 26th of October, 1899, and comply with the terms [of said agreement to purchase] they [the defendants] will make and execute a warranty deed conveying to said Henry Lyon good and sufficient title to said tract or parcel of land." In the body of said contract was contained the clause, "It is also understood that Henry Lyon is acquainted with the fact that a lease was given to Wm. Bibby for mining coal."

This contract was attested by two witnesses, also acknowledged by Alfred J. Hardin in the form of an ac-

knowledgement of a deed, and by his wife, separate and apart from him, in the manner required by statute for the alienation of the homestead.

The complainant, on the 12th September, 1899, tendered to defendants a deed, to be executed by them to the lands in question, conveying said lands to him, which deed contained covenants of seizin, for quiet enjoyment and warranty of title. This deed made no reference to the Bibby lease of said lands. The defendants executed it in due form, without understanding that it omitted any reference to the said Bibby lease, or without restricting the covenants of warranty in the deed to the lands in question, as subject to said lease. When this fact was ascertained by defendants, they refused to deliver said deed which they had signed and acknowledged preparatory to a compliance with their said option contract.

1. From the foregoing it is manifest, that the defendants' said deed, signed and acknowledged preparatory to delivery, but which was never in fact delivered, was of no operative effect, and amounted in law to no more than a blank piece of paper. In the controversy, therefore, this remits the complainant, if he has any rights, to his said contract for a conveyance; and, it is equally clear, that if the lands agreed to be conveyed were the homestead of defendants, the agreement cannot be specifically enforced against them. The constitution and statutes, as has been repeatedly held, touching the homestead and how it may be alienated, have reference to some mode of alienation by which the title passes *in presenti.* "They do not contemplate instruments which can be regarded only as agreements to convey." When such contracts come to be performed, the wife having the *locus penitentiae,* can withhold her signature and assent, and the courts are without authority or power to compel her to perform.—*Jenkins v. Harrison,* 66 Ala. 345; *Gardner v. Moore,* 75 Ala. 397; *Striplin v. Cooper,* 80 Ala. 256; *Cox v. Holcomb,* 87 Ala. 589; *Griffin v. Ventriss,* 91 Ala. 366; *Henderson v. Kirkland,* 127 Ala. 185.

2. The 160 acres in sections 31 and 32 constitute a solid square block, 80 acres being in section 31, and 80

[Lyon v. Hardin *et al.*]

in section 32. The 40 acres in section 5, being the N. E. ¼ of N. W. ¼ of that section, touches with its N. W. angle, the S. E. angle of the 160 acres, in all amounting to 200 acres. This is 40 acres more in quantity than is allowed as a homestead under the statute. "A homestead in law means a home place or place of the home, and is designed as a shelter of the homestead roof, and not as a mere investment in real estate, or the rents and profits derived therefrom."—1 Wash. Real Prop., 326; *McGuire v. Van Pelt*, 55 Ala. 355.

The defendants in their answer claim the 160 acres in sections 31 and 32 above described as their homestead, and set up no claim to any part of the 40 acres in section 5, the surface right to which they owned. It does not appear that they have ever made any other or further selection of the homestead. The facts tending to show what the homestead was, were deposed to by Alfred J. Hardin. He shows he is and has been a resident of Jefferson county about 22 years; that he owned a fee simple to the 160 acres and a surface right to the 40; that he lived on the 160 acre tract for three years when he first moved there, but on account of sickness, he moved to the land on section 5 where he has since resided, and that his farm of about fifty acres is on said sections 31 and 32. It was further shown that they cultivated no part of the forty acres in section 5, except a garden which they had on it.

From this it appears, that the defendants were entitled to a homestead exemption of 160 acres out of the tract of 200. The different parts were so connected and contiguous as to admit of the homestead being carved out of the whole tract.—*Jaffrey v. McGough*, 88 Ala. 648. At the time of said option contract, the homestead had not been selected or designated. This contract, as we have seen, was not good as an agreement which could be enforced as against the homestead; and the fact that the homestead had not been selected and designated by the defendants, at the time, could make no difference. The defendants by the contract were not estopped thereafter to make selection of the homestead, and the plaintiff was put on notice at the time he en-

[Burrows v. Pickens *et al.*]

tered into the contract, as to what part of the land defendents might thereafter select as a homestead; so that, there are 160 of the 200 acres which the contract could not affect.—*Jaffrey v. McGough, supra; Marks v. Wilson*, 115 Ala. 561; *Cowan v. So. Railway Co.*, 118 Ala. 354. If the bill can be maintained, therefore, as one for the specific performance of a contract, it could be in no aspect of the case maintained for more than 40 acres out of the 200. But, it is filed for the performance of the contract as to the entire lot of land, without respect to the right of defendants to homestead therein, and to no particular or designated 40 acres of the 200, on which a decree, if the prayer were granted for a part performance, could be made to operate. Indeed, the bill in none of its aspects is for a part performance, and such a thing has not been mentioned in argument of counsel.

In the view we take of the case, it is unnecessary to consider the other question raised and discussed.

Affirmed.