# Slappy *et al. v.* Hanners.

*Statutory Action of Ejectment.*

1. *Homestead; alienation thereof void unless wife is separately examined from the husband.*—A deed conveying a homestead though signed by the husband and wife, is, under the statute, (Code, § 2034), absolutely void, unless there is an examination of the wife separate and apart from her husband touching her voluntary execution thereof; and under such deed no title passes and no rights are acquired.

2. *Exemptions; selection may be made after conveyance of land; estoppel.*—Under the constitution and statutes of this State, a resident has the right at any time, to select from his lands 160 acres to be exempt as a homestead; and a purchaser of

[Slappy *et al.* v. Hanners.]

lands from such a resident, buys at his own risk as to the exercise of this right; and the execution of a deed conveying lands upon which the grantor resided and which included more than 160 acres, but which is void as to such part as may be selected by the grantor as a homestead, because it was not executed by his wife as required by the statute (Code, § 2034), does not estop such grantor from afterwards selecting a portion of the lands included in said deed as a homestead.

3. *Homestead; selection thereof.*—In the selection of a homestead from a larger tract of land, as a general rule, the selection must be made with reference to the lines and subdivisions of the government survey, and the discretion vested in a resident for the selection of a homestead must be exercised within the bounds of reason and justice; and, therefore, the selection of a homestead in a manner entirely arbitrary and capricious and in a way which makes the tract selected very irregular and fantastic in shape, will not be allowed.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. A. A. EVANS.

This was a statutory action of ejectment, brought by the appellants against the appellee, John M. Hanners, to recover 114 acres of land specifically described in the complaint. The defendant pleaded the general issue and adverse possession.

On the trial of the case it was shown that the plaintiffs claim title to the land under a deed which had been executed by the defendant John M. Hanners, to the plaintiff, W. E. Slappy, and one James M. Hanners, conveying 573 acres of land which included the 114 acres sued for in the present action. The defendant, against the objection and exception of the plaintiffs, was allowed to introduce in evidence a claim of homestead exemption of 160 acres which included the 114 acres sued for, which claim had been regularly made and filed in the office of the judge of probate. There was also introduced in evidence a map showing the lands selected as a homestead by the defendant. The map showing the lands selected as a homestead is attached to the opinion in the present case. It was also shown that the selection of the homestead was

[Slappy *et al.* v. Hanners.]

made by the defendant after the deed conveying the tract of 573 acres was executed by him.

The court refused to give, among other charges requested by the plaintiffs, the general affirmative charge in their favor, but at the request of the defendant gave the general affirmative charge in his favor. To each of these reulings of the plaintiffs separately excepted.

There were verdict and judgment for the defendant. The plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions are reserved.

THOMAS L. KENNEDY and HOUSTON & POWELL, for appellant.—The selection of a homestead by the defendant in this case is shown to have been arbitrary, unjust and capricious, and, therefore, should not be allowed.—Thompson on Homesteads, § 120; *Jaffray v. McGough*, 88 Ala. 648; *Alford v. Alford*, 88 Ala. 656.

The rule laid down by our courts and courts of other jurisdictions prescribes that lands most contiguous to the dwelling in units or forties, according to public surveys, should be selected where practicable.—*Kildray v. Aldrich*, 71 Ill. 324; *Prior v. Stone*, 71 Amer. Dec. 352; *Jaffray v. McGough, supra*. Therefore, the court erred in permitting the claimant of the homestead exemptions to introduce any evidence.—*Lewis v. Watson*, 98 Ala. 479.

BARNES & DUKE, *contra*.—The deed relied upon by the appellants, not having the separate acknowledgement of the wife, was void as to the homestead of the grantors; and the grantor is not estopped from afterwards selecting a portion of the lands included in the deed as his homestead; and the purchaser from such grantor buys at his own risk as to the exercise or this right.—*Marks v. Wilson*, 115 Ala. 561.

HARALSON, J.—The evidence shows, without conflict, that the defendant, being the owner of 573 acres of land, conveyed the same, on the 28th September, 1896, to W. E. Slappy, the plaintiff, and one James M.

Hanners; that the defendant was a resident citizen of this State at the time, and resided and had his dwelling house on a part of the land, but not on the 114 acres here sued for, and that said deed was executed without the examination of defendant's wife separte and apart from her husband, in the manner providing for the conveyance of the homestead, under the provisions of section 2034 (2508) of the Code.  Under repeated decisions of this court, this deed was void as a conveyance of the homestead, and had no more effect than if it had never been executed, and in no way acts as an estoppel against the husband from afterwards claiming his homestead exemption in the land.—*McGhee v. Wilson*, 111 Ala. 615, 619; *Marks v. Wilson*, 115 Ala. 561; *Cowan v. S. R. Co.*, 118 Ala. 560; *Hayes v. S. H. B. & L. Asso.*, 124 Ala. 663; *Lyon v. Hardin*, 129 Ala. 643.

Again, it is well settled, that even where there is a disconnected tract of land, not contiguous to the homestead, which is *bona fide* and habitually used as a part of it, and the two tracts together do not exceed the area of value allowed, they may both be selected in the shape in which they already exist; and further, that a purchaser from the husband of a large tract including the homestead, is required to take notice as to what part of the land, the husband may afterwards choose to select.—*Jaffrey v. McGough*, 88 Ala. 650; *Marks v. Wilson, supra; Lyon v. Hardin*, 129 Ala. 643.

Here, the 114 acre tract sued for was not disconnected from the main body of the land, but was a part of it; the defendant's residence being about a half mile east therefrom.

A map was introduced in evidence showing the homestead selection made by the defendant.  He also introduced his declaration of claim of homestead exemption of 160 acres of the original 573 acre tract of land described in the first conveyance above mentioned, which he filed in the office of the probate judge, on the 12th October, 1898, duly subscribed and sworn to by him, describing the 160 acres selected and claimed by him

[Slappy et al. v. Hanners.]

as exempt, which selection embraced the 114 acres sued for. This paper was objected to as evidence on the several grounds, that it was immaterial and incompetent evidence; that the selection attempted was not a proper one,—not a proper designation of any homestead, nor did it show that defendant was entitled to homestead exemption in the lands described, the same being arbitrary and capricious. Before its admission, it was shown that the lands embraced therein, claimed as exempt, were worth less than $2,000; that defendant was a married man and resided in this State in 1887, at the time said first named deed was executed, and since; that his wife had not been examined separate and apart from defendant, her husband, in the manner required by statute to convey the homestead, and that at the time of the execution of the first named deed and ever since, the defendant resided on a part of the lands embraced in said claim of homestead exemption claimed by him; his dwelling being about one-half of a mile east of the lands sued for. This paper was admitted in evidence over the objections of defendant.

It will be seen by the accompanying diagram or map, that the lands claimed as exempt, are irregular in shape, and not selected in reference to the lines and subdivision of the government surveys, taking a forty-acre subdivision as a unit of measure. Mr. Thompson, in his work on Homesteads and Exemptions, after referring to a disposition on the part of some courts to limit the country homestead to the single tract on which the dwelling house stands, and to deny its existence in separate tracts, although used in connection with the home farm for supplying it with timber, or for tillage, although some courts have held opposing views, says: "We shall also trace a growing disposition on the part of the courts, in determining what is to be included in the homestead, to take into consideration the legal subdivisions of land, such as public surveys and recorded town plats; and a person in laying off his homestead will not be permitted to gerrymander through different public surveys, making a tract irreg-

ular and unusual in shape in order to bring within it, land of a peculiar value when to do so will work a fraud upon those who have innocently purchased from him." Thompson on Homesteads and Exemptions, § 120. This court has approved this principle as stated by Mr. Thompson, saying that "A homestead, if we were to suppose such a case, fenced in the shape of an animal, a bird, a flower garden, or other fantastic shape, would not cease to be exempt from execution on this account, provided it be of lawful area and value, and the entire tract owned was in this particular form. Although it is manifest that a *selection* in these quaint forms, made from a large tract of land, would be unreasonable and capricious, and not allowable."—*Jaffrey v. McGough,* 88 Ala. 649; *Alford v. Alford,* 88 Ala. 656. In the case of *Jaffrey v. McGough,* will be found an extended discussion of this subject, not necessary here to repeat, in which the doctrine is held, that a claim of exemption, the selection having been arbitrarily and capriciously made, to meet the purposes of the claimant, will not be upheld.

In the case before us, the selection seems to have been made in violation of this wholesome rule, as much so, possibly, as in the cases cited. The 30 acres selected is a narrow strip running clear across the section, nearly to the center of the 40 acres lying on the extreme southeast of the half section, and there, 15 acres are carved out of the southeast quarter of this 40 acres, the narrow strip representing in likeness a long stem of a pipe, with the 15 acres as its bowl. The 114 acres sued for lies on the west side of the section, and consists of two forties in the south half of the section, and 34 acres in the southwest quarter of the north half of the next abutting 40 acres above these. Why the selection was thus made, is not shown, but it is on its own face palpably arbitrary and capricious, and cannot be approved as a lawful selection of homestead claimed under section 2041 of the Code. The declaration of claim by defendant filed under that section should have been excluded as evidence. Without this

[Slappy *et al.* v. Hanners.]

evidence the defendant had no case, and the plaintiff would have been entitled to the general charge as requested by him. It is unnecessary to note other assignments of errors.

Reversed and remanded.

N

Sec. 20, T. 18, R 30.

The dotted lines include the lands selected as a homestead.