# Roquemore & Hall *v.* Mitchell Bros. *et al.*

*Bill for Injunction and Specific Performance.*

(Decided April 21, 1910    52 South. 423.)

1. *Specific Performance; Contracts Enforceable; Contracts for Personal Service.*—Equity will not specifically enforce a contract for personal service which is material and mechanical and not peculiar or individual; nor will it specifically enforce a contract for personal services requiring skill, judgment and discretion, but will leave the parties to their action at law for damages.

2. *Same.*—Equity will decree specific performance only when it can dispose of the subject matter by a decree capable of present enforcement and will not award specific performance of a continuous duty, extending over a series of years.

3. *Same; Ancillary Relief; Injunction.*—Where a contract is for special or extraordinary personal services or personal services purely intellectual, equity will grant an injunction in aid of specific performance.

4. *Same; Incidental Relief; Injunction.*—An injunction is granted in a bill for specific performance only as incidental to the execution of the decree; and where the decree of specific performance cannot

[Roquemore & Hall v. Mitchell Bros., et al.]

be enforced, an injunction will not be granted, and complainant will be left to his legal remedy.

5. *Same; Contracts Enforceable; Personal Service.*—A contract to permit complainants to carry out respondent's contract with a county to load gravel from a pit belonging to the county, and to sell gravel therefrom, and to assign respondent's contract with the county to the complainant if the county consents, is a contract for personal services, and will not be specifically enforced.

6. *Same; Bill; Allegation; Performance by Complainant.*—A bill for specific performance which does not allege that complainant had paid the amount and furnished the security for the deferred payments agreed to be paid and furnished within the time and in the manner provided in the contract sought to be enforced, is defective in allegation.

7. *Same; Offer to Perform.*—Great accuracy of averment is required in bills for specific performance, and a bill which merely alleges generally complainant's offer to perform, but does not allege an offer to perform which will comply with the terms of the contract is not sufficient.

8. *Same; Contracts Enforceable.*—In this case the complainant cannot enforce specific performance by respondent of his contract to permit complainant to carry out respondent's contract with the county to load gravel from a pit belonging to the county, where it is not shown that the county consented to the contract between the parties, as to do so would involve compelling the county to allow complainant to perform its contract with the respondent.

9. *Injunction; Purposes; Breach of Contract.*—Injunctions to enjoin a breach of contract for services continuous in their nature, involving special skill, even though the legal remedy by damages be inadequate are granted with great caution.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Bill by Roquemore & Hall against Mitchell Brothers and others, to compel the specific performance of a contract. From a decree dismissing the bill complainant appeals. Affirmed.

C. H. ROQUEMORE and RAY RUSHTON, for appellant. It is well settled that equity jurisdiction is ample to decree the specific performance of an agreement relative to personalty as one relative to realty, and in personal property, it is not confined to heirlooms, but will extend to any kind of property whether real or personal where the remedy in a court of law is inadequate to fully meet the demands of justice.—*Casey v. Holmes,*

10 Ala. 776; *Kirksey v. Fike*, 27 Ala. 384; *Andrews v. Andrews*, 28 Ala. 432; *Jones v. Peoples*, 133 Ala. 290; *Chambers v. Ala. I. Co.*, 67 Ala. 356; *Lively v. Johnson*, 65 L. R. A. 783; 20 Enc. P. & P. 402; 22 Cyc. 844. The equity of the bill is not affected by a failure to allege that the entire consideration was paid on or before April 1st, 1909.—*Fulenwider v. Rowan*, 136 Ala. 287; *McFadden v. Henderson*, 128 Ala. 221; *Cheney v. Libbey*, 134 U. S. 68. It was not necessary to aver that the balance of the consideration has been paid into the court, or accepted by the respondent.—*N. E. M. S. Co. v. Powell*, 97 Ala. 483. The enforcement of the injunction prayed for would not require the continuous supervision of the court.—*Chambers v. Ala. I. Co., supra.*

GUNTER & GUNTER, for appellee. It is not within the jurisdiction of the court of chancery to undertake the specific performance of a contract such as attempted to be set up in this case. There is no mutuality of remedy. It involves the performance of continuous duties and services of a personal nature which the court cannot superintend.—*Iron A. P. Co. v. W. U. T. Co.*, 83 Ala. 498; *Wingo v. Hardy*, 94 Ala. 184; *Bridgeport L. & I. Co. v. Fire Proof Co.*, 94 Ala. 592; *S. & N. A. R. R. Co. v. H. A. & B. R. R. Co.*, 98 Ala. 400; *Electric L. Co. v. M. & B. S. R. R. Co.*, 109 Ala. 190; *Bienville W. S. Co. v. City of Mobile*, 112 Ala. 260; *Chadwick v. Chadwick*, 121 Ala. 580.

MAYFIELD, J.—The bill is one to enforce specific performance of a contract, and to enjoin respondents from interfering with the performance thereof pending the suit. The respondents demurred to and answered the bill, denying its equity, and moved to dissolve the injunction issued upon its filing. On the hearing upon

these issues the injunction was dissolved and the bill dismissed for want of equity. The chancellor declined to fix bond and reinstate the injunction pending appeal. From this decree complainants appeal.

The contract is one not susceptible of specific performance. It is a contract for personal service or employment, to continue five years, but on condition that, if Montgomery county will consent to a transfer of a certain contract which it had with a part of the respondents to the complainants by such respondents, then it is to become a contract to transfer and assign such other contract. The condition subsequent is not shown to have happened, nor is the contract sought to be enforced upon this theory, but on the theory that it is one of employment.

The bill alleges that Mitchell Bros. made a contract with the county of Montgomery to load gravel from the pit of the county, and also to sell gravel to others from such pit, and to be paid therefor by the square yard of gravel loaded for the county, and to pay the county so much per square yard for the gravel sold to third parties. The bill then alleges that Mitchell Bros. employed complainants to carry out this contract with the county for the respondents Mitchell Bros., and for the same consideration that the respondents were to receive from the county. The contract then concludes as follows: "It is further mutually agreed that if the board of revenue of Montgomery county, Alabama, will consent for the said Mitchell Bros. to transfer and assign the above-described contract to Roquemore & Hall, then said Mitchell Bros. upon request of them will so transfer and assign said contract to them, but, if the said board of revenue will not agree for an assignment of said contract, then the foregoing provisions and agreement to employ said Roquemore & Hall to load gravel

in said contract shall be and remain in full force and effect." Such contracts are not susceptible of specific performance.

Courts of equity will not undertake to enforce the specific performance of a contract for personal services which are material or mechanical, and not peculiar or individual; but where the contract stipulates for special, unique, or extraordinary services, or where the services to be rendered are purely intellectual and individual in their character, the courts will grant an injunction in aid of specific performance.—*William Rogers Mfg. Co. v. Rogers*, 58 Conn. 356, 20 Atl. 467, 7 L. R. A. 779, 18 Am. St. Rep. 278. If a contract implies the performance of personal services requiring special skill, judgment, and discretion, a court of equity will not undertake its specific performance.—*South, etc., Alabama R. K. Co. v. Highland Ave., etc., R. R. Co.*, 98 Ala. 400, 13 South. 682, 39 Am. St. Rep. 74. Courts of equity will decline jurisdiction to decree specific performance of contracts for personal services involving the exercise of special skill, judgment, and discretion, continuous in their nature, and running through an indefinite period of time; and injunctions to prevent the breach of such contracts are granted with great caution by the courts, although the remedy by damages at law may be inadequate.—*Iron Age Pub. Co. v. Western Union Tel. Co.*, 83 Ala. 498, 3 South. 449, 3 Am. St. Rep. 758. A court of equity can decree specific performance only when it can dispose of the matter in controversy by a decree capable of present performance, but it cannot decree a party to perform a continuous duty, extending over a series of years, but will leave the aggrieved party to his remedies at law.—*Electric Lighting Co. v. Moblie, etc., Ry. Co.*, 109 Ala. 190, 19 South. 721, 55 Am. St. Rep. 927. A contract for the personal services

[Roquemore & Hall v. Mitchell Bros., et al.]

of an adult, as a general thing, is a matter for courts of law; and for a violation of it the remedy is in damages, and a specific performance will not be enforced.—*Hamblin v. Dinneford*, 2 Edw. Ch. (N. Y.) 533; *Haight v. Badgeley*, 15 Barb. (N. Y.) 501. See *Kemble v. Kean*, 6 Sim. 333; *Clark's Case*, 1 Blackf. (Ind.) 122, 12 Am. Dec. 213; *Smith v. Gould*, 2 Ld. Raym. 1274; *Rutland Marble Co. v. Ripley*, 77 U. S. 339, 19 L. Ed. 955; *Cooper v. Pena*, 21 Cal. 403; *Randall v. Latham*, 36 Conn. 48; *Richmond v. Dubuque & S. C. R. Co.*, 33 Iowa, 422; *Ford v. Jermon*, 6 Phila. (Pa.) 6; *Palmer v. Scott*, 1 Russ. & M. 391; *Mair v. Himalaya Tea Co.*, L. R. 1 Eq. 411. Defendant, having contracted to perform at plaintiff's theater at a fixed compensation for a certain time, and not to perform elsewhere during that time, might be restrained by injunction from carrying out an agreement to perform elsewhere, there being no demand in the complaint for a specific performance, and no uncertainty in the contract as to time, place, or substance.— *Hayes v. Willio*, 11 Abb. Prac. N. S. (N. Y.) 175. See *Montague v. Flocton*, L. R. 16 Eq. 189. Injunction is only granted as auxiliary to the execution of the decree; and, where the decree itself cannot be enforced, the court will not attempt to restrain, but will leave the party complaining of the breach to his remedy at law.— *Fredricks v. Mayer*, 13 How. Prac. (N. Y.) 568, 1 Bosw. (N. Y.) 231. See *Morris v. Colman*, 18 Ves. Jr. 437; *Clarke v. Price*, 2 Wils. Ch. 157; *Kemble v. Kean*, 6 Sim. 333; *Baldwin v. Society for Diffusion of Useful Knowledge*, 9 Sim. 393. But see, contra, *W. U. Tel. Co. v. Union Pac. R. Co.* (C. C.) 3 Fed. 423, 1 McCrary, 558; *W. U. Tel. Co. v. St. Joseph & W. R. Co.*, (C. C.) 3 Fed. 430, 1 McCrary, 565; *Singer S. M. Co. v. Union B. H. & E. Co.*, 1 Holmes, 253, Fed. Cas. No. 12,904.

The bill is also defective, in that it fails to allege that complainants paid the amounts agreed to be paid by them under the contract sought to be enforced, and furnished the security to be furnished for the deferred payment, within the time and in the manner provided in the contract. This necessity, of course, is attempted to be avoided by showing the refusal of the respondents to accept the payment and security. While the bill avers a tender and an offer to perform, it does not aver a tender and offer to perform as provided in the contract. This material fact (if it exists) is not averred, but must rest in inference—which is not sufficient. The answer specifically denies that the tender or offer to perform was made in accordance with the terms of the contract sought to be enforced. In bills for specific performance great accuracy of averment is required.—*Daniel v. Collins*, 57 Ala. 625; *Johnston v. Jones*, 85 Ala. 287, 4 South. 748. Equity, in this suit, could not (if it would) compel the county of Montgomery to allow complainants to perform the contract which it made with the respondents. This, so far as the bill shows, would be necessary to a specific performance. Certain it is that it fails to show that the county has consented to the arrangement or contract between the parties to this suit.

The decree is affirmed.

DOWDELL, C. J. and SIMPSON and McCLELLAN, JJ., concur.