[Gachet v. Morton.]


# Gachet v. Morton.

### Specific Performance.

(Decided April 17, 1913.  61 South. 817.)

1. *Frauds; Statute; Pleading; Necessity.*—Where the pleading itself affirmatively shows that the contract sought to be specifically performed violates the statute of frauds, that question may be raised by demurrer as well as by plea.

2. *Specific Performance; Discretion of Court.*—The right to a specific performance of a contract is not a matter of absolute right; it rests in a measure at least in the sound judicial discretion of the court to be exercised according to the principles of equity.

3. *Same; Contract; Certainty.*—Before the courts will specifically enforce a contract it must be made to appear by the pleadings that the contract sought to be enforced is the real contract made between the parties, and not one which the court is asked to make for them, although one they ought to have made.

4. *Same; Variance.*—Where the bill alleged a contract for the purchase of lands for cash, payable at a fixed time, and the proof showed that the contract as alleged was substantially modified by the parties to provide for the payment only when the vendor's wife should join, she having refused to join in the conveyance, there was a material variance between the allegations of the bill and the proof.

APPEAL from Bullock Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by G. M. Gachet against A. M. Morton to specifically perform a contract for the sale of lands. Decree for respondent and complainant appeals. · Affirmed.

NORMAN & SON, for appellant. Having failed to plead the statute of frauds, the chancellor ought not to have considered the statute in determining whether complainant was entitled to relief.—*Shakespeare v. Alba,* 76 Ala. 351; *Phillips v. Adams,* 93 Ala. 450; *Strouse v. Elting,* 110 Ala. 132; *Marsh v. Frick,* 1 Ala. App. 649. The statutory exception does not contemplate or require a payment of part of the purchase money contemporaneously with the letting in to possession.—*Powell v.*

[Gachet v. Morton.]

*Higley,* 90 Ala. 103; *L. & N. v. Philyaw,* 94 Ala. 465; *City L. & B. Co. v. Poole,* 149 Ala. 168. Counsel discuss the allegations of the bill and the evidence to support it, and insist that there is no variance of a material nature between the pleading and the proof, and that under the proof, there was implied in the contract the making of a good deed.—*Taylor v. Newton,* 152 Ala. 465; *Wilkie v. McGraw,* 91 Ala. 633.

TOM S. FRAZER, for appellee. The contract is not such that an action of law would lie for its breach, and hence, a bill for specific performance will not lie.— *Kent v. Dean,* 128 Ala. 600; *Boyce v. Simpson,* 90 Ala. 373. The contract never became complete as it was to be for cash on delivery of deed.—*Foley v. Felrath,* 98 Ala. 178; *McFadden v. Henderson,* 128 Ala. 131. Specific performance will not be decreed when the contract involves the performance of reciprocal obligations, and when the party signing is not bound.—*M. & T. R. R. Co. v. Faircloth,* 155 Ala. 575; *Chadwick v. Chadwick,* 121 Ala. 580; *R. E. L. Co. v. Mobile,* 109 Ala. 195. Specific performance is not a matter of absolute right, but rests in the sound judicial discretion.—*Norman v. Steward,* 53 Ala. 654. The contract should be clear and definite, as to terms and time.—*Johnson v. Kelly,* 51 Ala. 369; *Goodlett v. Kelly,* 74 Ala. 213. The bill shows on its face that the contract was violative of the statute of frauds, and hence, that question may be raised by demurrer.—*Trimble v. Craddock,* 93 Ala. 450. There was a variance between the contract alleged and that shown.—*Brown v. Weaver,* 113 Ala. 572; *Westbrook v. Hayes,* 137 Ala. 575; *Clark v. McBride,* 158 Ala. 280.

MAYFIELD, J.—This is a bill for specific performance of a contract for the sale of land. The contract

[Gachet v. Morton.]

sought to be enforced rests in parol; and is therefore in violation of the statute of frauds. Appellant, by his averments and proofs, seeks to take the case without the statute of frauds by bringing his case within the exception, in that a part of the purchase money was paid and the vendee placed in possession by the vendor. The case was submitted for a final decree on the pleadings and proof. All relief was denied the complainant by the chancellor; and from that decree this appeal is prosecuted.

After a careful review of the pleadings and proof, we are of the opinion that the chancellor reached a correct conclusion, and that his decree must be affirmed. Leaving out of consideration the question as to the statute of frauds, it is made to conclusively appear by the proof that the real failure to perform the contract alleged was due to the fact that the wife of the vendor would not join him in the conveyance to the vendee, so as to cut off her dower right in the lands. This insuperable obstacle, so far as the parties to this contract are concerned, was attempted to be avoided by having the court to ascertain the value of such dower right and abate the purchase price of the land to that extent, and as abated enforced, in accordance with the rules announced by this court in *Minge v. Green,* 176 Ala. 343, 58 South. 381. While there was a difference of opinion among the members of the court as to the equity of a bill seeking such abatement, and enforcement of the contract as abated, and as to the certainty and correctness of the rule announced by the court for that purpose, it is in this case unnecessary to again go into that question, for the reason that this case must be decided on principles which preclude the reopening of that question.

. It is true, as stated by appellant in his brief, that there was a failure on the part of respondent to plead the statute of frauds in this case. This, however, is not necessary when the bill on its face proclaims its own invalidity by expressly showing that it violates the statute. A respondent is never required to reiterate in his plea or answer that which is already affirmatively shown on the face of the bill. In such case he may test the sufficiency of the bill by a demurrer.—*Merritt v. Coffin,* 152 Ala. 474, 44 South. 622.

The right to specifically enforce the performance of a contract is not absolute. Its enforcement in a measure, at least, rests in the sound discretion of the court, a judicial discretion, of course, to be exercised according to the principles of equity. It has been held that contracts which will be thus enforced must be fair, must be reasonable, and must be just, and not attended with excessive hardships or injustice. Courts of equity have frequently refused to enforce contracts when it appeared that they were founded on mistake or surprise to such an extent that their enforcement would be inequitable.—*Tombigbee Co. v. Faircloth Co.,* 155 Ala. 575, 47 South. 88.

It is also a principle of equity jurisprudence that, before a court of chancery will specifically enforce a contract, it must be made to clearly appear to the court that it is thereby enforcing the contract which the parties made, and of this the pleadings must give distinct information. The court will not attempt to make a contract for the parties, and enforce it, even though it be one which the parties might and ought to have made.—*Homan v. Stewart,* 103 Ala. 654, 16 South. 35.

The proof in this case indisputably shows that the first parol contract which was made, and which is alleged in the bill, was subsequently modified by the

[Gachet v. Morton.]

parties, and modified on account of the refusal of the respondent's wife to join with her husband in the conveyance, the modification being that whereas the original contract of sale was for cash, payable at a time certain, the contract was subsequently changed to the extent of providing that the consideration should be paid only when the vendor's wife would join with the husband in the conveyance. This, of course, was a time very indefinite and uncertain. For this reason, we agree with the chancellor, both in his finding and in his decision and opinion, that there was a material variance between the allegations and the proof, such as to prevent relief under the existing bill. We do not mean to hold, however, that the complainant would have been entitled to a decree but for this variance. There are other reasons why he was not entitled to the decree, some of which it is unnecessary for us to mention, or to refer to in this opinion.

The learned chancellor who tried this case has written a full and able opinion in support of his decision; and, while we do not deem it necessary to go to the full length that the chancellor went in his opinion, we do concur fully in his conclusions and in his opinion in the main. In fact, there is very little in this opinion that is not said in the opinion of the chancellor.

Finding no error in the decree of the chancellor, we are of the opinion that his decree should be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.