# Citronelle Turpentine Co. *v.* Buhlig.

*Specific Performance.*

(Decided December 18, 1913. 63 South. 951.)

1. *Specific Performance; Contracts Enforceable.*—A complainant must show a contract that is specific, definite and complete before he can obtain specific performance thereof.

2. *Same; Pleading; Variance.*—Where complainant presented a certain lease as embodying the true and real contract between the parties, but which was not such a lease as would be approved by a third person as was required thereby, he could not change the lease so as to bring it within the approval of such person, and then obtain a specific performance.

. 3. *Same; Conditional Contract.*—Although a contract may be specifically performed where a third person, whose consent is necessary to its performance, does or will consent, yet where a party cannot perform without obtaining the consent of such third person, the contract will not be enforced while such third person withholds his consent.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

[Citronelle Turpentine Co. v. Buhlig.]

Bill by Hiram W. Macon and Milton C. Skinner, partners, as the Citronelle Turpentine Company, against W. H. Buhlig. Decree for respondent, and complainants appeal. Affirmed.

The receipt referred to in the opinion is as follows: "Received of Citronelle Turpentine Company $100.00 as part payment on turpentine leases on the following land, situated in Mobile county, Alabama [here follows description of 2,522 acres by government subdivision], balance of $1900.00 to be paid upon delivery of a properly executed lease to run three years from Dec. 1, 1911, said payment to be made and lease delivered not later than Dec. 1, 1911; said lease to be approved by Mr. George Kilborn, secretary of the Alabama Land & Development Company. [Signed.] W. H.. Buhlig, Trustee."

R. P. ROACH, for appellant. The contract sued on possesses all of the essentials to make it a complete agreement to make a turpentine lease.—*Millikin v. Carmichael*, 139 Ala. 228; s. c. 134 Ala. 623; *Harrison v. Palmer*, 76 Ala. 157; 18 A. & E. Enc. of Law, 605; Taylor's Landlord & Tenant, secs. 44-5. The only construction of the contract applicable to the word "approved" in the contract sued on, is that Kilborn would consent, which he testified that he would have given.— *Foster v. Stafford*, 14 Ala. 718; *McGehee v. Alexander*, 104 Ala. 121; 79 Am. Dec. 519; 17 N. Y. Supp. 387. The agreement to make a lease is not void simply because it requires the approval of a third party.—4 Mews. Ang. Cld. 19; *Norwood v. Tyson*, 138 Ala. 269.

L. H. & E. W. FAITH, for appellee. A trustee without authority to make a lease cannot be required to perform a contract made by him to execute a lease.—*Rider*

*v. Johnson,* 153 Ala. 487; *Enslen v. Allen,* 160 Ala. 529; *Winkel v. McGraw,* 91 Ala. 633; 61 N. J. E. 501; 128 U. S. 667. If the proof shows that the terms and conditions of the lease to be executed were not agreed upon, and had not been agreed upon before bill filed, then the bill cannot be maintained.—*Derrick v. Morette,* 73 Ala. 75; *Callahan v. Chapin,* 32 N. E. 941. The court is powerless to compel Kilborn to approve the lease, and until Kilborn does approve it, it is not operative.—*Roquemore v. Mitchell,* 167 Ala. 475; *Gatchet v. Morton,* 61 South. 817; 95 N. E. 79; 112 Ill. 482; *Sullivan v. L. & N. R. R. Co.,* 138 Ala. 650.

ANDERSON, J.—In order for a complainant to procure the specific performance of a contract through a court of equity, he must show a contract that is specific, certain and complete. He cannot set up one contract and then procure the performance of another. If he contends for a certain contract as having been made between the parties, but which was not complied with by the respondent, he cannot procure the court to make a new or different contract from the one contended for by him, in order to get a specific performance of some contract, regardless of whether or not it was the one contended for by him as the real contract. In other words, the appellant contended for and presented a certain lease as the embodiment of the true and real contract between the parties, but which was not such a lease as would be approved by Kilborn, and it did not have the right to change the contract from the one originally made so as to bring it within the approval of said Kilborn, and then procure a specific performance by the respondent of a lease different from the one contended for and demanded by the said complainant.—

*Gachet v. Morton,* 61 South. 817; *Homan v. Stewart,* 103 Ala. 654, 16 South. 35.

The receipt in question provides that "the lease" was to be approved by Kilborn, who was the agent of the respondent's vendor, and who had considerable interest in the subject-matter. This meant, not only a consent to lease, but that Kilborn would approve the document evidencing the lease. The proof shows that Kilborn would not, under any circumstances, approve the lease as contended for by the appellants as the real contract, and the execution of which was demanded of the respondent Buhlig. It may be true that Kilborn testified that he might or would approve a certain kind of lease under certain conditions, but he is positive and emphatic that he would not approve such a lease as the complainant contends was the real contract, and which was presented for execution. Where defendant cannot perform a contract without obtaining the consent of a third person, who is free to withhold his consent, and does withhold it, the decree will not be made. But it is no objection to the specific enforcement of a contract that consent of a third person is necessary to its performance, where it appears that he does or will consent.—36 Cyc. 573; *Roquemore v. Mitchell,* 167 Ala. 475, 52 South. 423; 140 Am. St. Rep. 52; *Hurlburt v. Kantzler,* 112 Ill. 482; *Lyon v. Hardin,* 129 Ala. 643, 29 South. 777. The evidence in this case shows that the contract as contended for by the complainant as the real contract, and which was presented for execution, would not be approved by Kilborn, and as the lease was to meet with his approval, under the terms of the receipt (which will be set out by the reporter), a court of equity is powerless to make said Kilborn approve the same, or to decree the specific performance of same by this respondent. While we have treated this

single question, which we deem an insuperable barrier to a decree of specific performance, we do not mean to hold that the decree of the chancery court could not be affirmed upon other grounds and for other reasons.

The decree of the chancery court is affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.