235 So.2d 788

**Roy ALLEN and Annie Laura Allen**

v.

**George ALLEN and Alice Allen.**

**8 Div. 376.**

Supreme Court of Alabama.

May 28, 1970.

Martinson, Manning & Martinson, Huntsville, for appellants.

Cloud, Berry, Ables, Blanton & Tatum, Huntsville, for appellees.

HARWOOD, Justice.

George Allen and Roy Allen are brothers. Roy Allen and his wife Annie Laura are joint owners, with right of survivorship, of a tract of land in Madison County, Alabama. Originally the tract was composed of 101 acres. Some small tracts have been sold.

George Allen and his wife Alice filed a bill against Roy and Annie Laura Allen seeking specific performance of a purported contract for the sale of five acres in the above mentioned tract.

The complainant George Allen testified that in 1956 he met Roy one day in front of a drug store in Huntsville. Roy knew George was hunting for a house in the country "and he offered to sell me five acres." The inference is clear from the record that the acreage was to include a house on the land. In another portion of his testimony George testified:

"Q. How much property did he say?

"A. He said I could have 335 feet and go back far enough to get five acres to keep from cutting one place in two.

"Q. That 335 feet, what did it front on, if anything?

"A. You mean what road?

"Q. Yes, sir.

"A. The Hurricane Road, running east and west.

"Q. He indicated to you that you would have 335 feet and then go back enough for five acres?

"A. That is right."

George also testified that Roy's property ran some 1247 feet along Hurricane Road.

We find no evidence in the record tending to show to the required degree just where the 335 feet was to begin or end on Hurricane Road.

George also testified that the purchase price for the property was to be $2,000.

In March 1957, George and his wife moved into the house. In June 1957, he paid Roy $1,000 on the purchase price, and agreed to pay the balance as soon as he could "clear" the land, meaning when an outstanding mortgage on the land was paid.

George testified that each year thereafter he would request a deed, but Roy always replied: "George, I can't clear it and I will give it to you once I can."

George testified that Roy's wife, Annie Laura, was not present at the conversations between him and Roy, but that discussions of the trade were later held in her presence. Annie Laura denied this and testified she had always stated she would not sign a deed conveying any of the land to George.

George never paid any taxes on the land in question, nor did he procure any insurance on the house.

The respondent Roy Allen testified that he agreed to give George an option to purchase five acres of land in their original conversation, the purchase price to be $2,-000. George moved into the house, and later paid him $1,000. George has never paid any rent, though the preceding tenants had paid $25.00 per month for the rent of the house. He told George at the time of their conversation that his land was under a mortgage, and he could not give him a deed until the mortgage was paid or the mortgagee agreed to release acreage from the mortgage. He could never get the mortgagee to release the land, and the mortgage has not been paid.

After the hearing the court entered a decree finding, among other things, that:

" * * * Although there were great conflicts in the evidence, the Court has concluded that three (3) acres is most consistent with the preponderance of the testimony as being the amount of land conveyed and although the Respondent denied having sold the land to his brother and sister-in-law, he did admit that there was an option for five (5) acres. The Court is compelled to find that three (3) acres was the subject of the contemplated conveyance, based on the intent of the parties, occupancy and possession."

The court then decreed that:

" * * * Roy Allen, procure and deliver to the Complainants, George Allen and Alice Allen, a statutory warranty deed to the following described property: * * *"

(Here follows a lengthy description of the land to be conveyed, concluding "and containing 3 acres more or less").

The court further ordered that upon delivery of the deed, the complainants, George and Alice Allen, would pay to the respondents, Roy and Annie Laura Allen, $1,000, being the balance of the agreed purchase price.

The respondents below perfected this appeal from such decree.

Every contract for the sale of lands, tenements, hereditaments, or interests in land is void unless in writing, or unless some

note or memoranda expressing such consideration subscribed by the party is in writing, unless the purchase money or a portion thereof be paid, and the purchaser be put in possession of the land by the seller. Section 3(5), Title 20, Code of Alabama 940.

In no class of cases is more rigid correspondence between allegations of the bill and the proof thereof required than in cases seeking specific performance of oral contracts to convey land where the purchaser has been put in possession and has paid the purchase price in whole or in part. All the terms of the agreement must be certain, leaving nothing for negotiation. Otherwise, it would be uncertain whether the Chancellor was enforcing the actual contract of the parties, or was himself making a contract for them and decreeing its performance. Goodwin v. Lyon, 4 Port. 297; Aday v. Echols, 18 Ala. 353; Alba v. Strong, 94 Ala. 163, 10 So. 242; Sanders v. Brown, 145 Ala. 665, 39 So. 732; Rushton v. McKee & Co., 201 Ala. 49, 77 So. 343; Tensaw Land & Timber Co. v. Covington, 278 Ala. 181, 176 So.2d 875, and additional authorities cited in above authorities.

Under the testimony of the complainant, George Allen, his oral agreement with Roy Allen was for the purchase of five acres of land within the much larger tract owned by Roy. He was to have 335 feet fronting on Hurricane Road and "go back enough for five acres." Roy's property fronts 1247 feet on Hurricane Road. Just where the 335 feet was to be measured on Hurricane Road is left to conjecture insofar as determinable from George's testimony.

The terms of payment for the land are also uncertain. The $1,000 balance due was to be paid when an outstanding mortgage on Roy's property was paid, or when the mortgagee would release from the mortgage some five acres, indefinitely agreed upon between Roy and George.

Since neither condition might ever be met, and indeed had not been met from the purported agreement in 1956 to the date of the hearing below, some eleven years, the terms for the payment of the full purchase price by George is vague, uncertain, and undeterminable. See Aday v. Echols, Admr., supra; Tensaw Land & Timber Co. v. Covington, supra.

Where uncertainties permeate an alleged oral agreement for the sale of land, even though the purchaser has been put in possession and paid the purchase price, or a part thereof, equity will not lend its aid to enforce specific performance. Allen v. Young, 88 Ala. 338, 6 So. 747.

Under the above authorities, the conclusion is necessitated that the Chancellor erred in decreeing specific performance at all.

We also note that the Chancellor ordered the respondent Roy Allen to execute a statutory warranty deed to the complainants for three acres of land.

Under the pleadings and under the testimony of George and Roy, the agreement, whether to sell, or to option, concerned five acres, not three. The effect of the Chancellor's decree was to make of the decree an agreement between the parties, which finds no support in the evidence. This is not permissible. Aday v. Echols, Admr., 18 Ala. 353.

Further, the Chancellor ordered only the respondent Roy Allen to execute a statutory warranty deed. The evidence shows the land to have been owned jointly by Roy and his wife Annie Laura. Annie Laura testified that she had never agreed to sign a deed conveying any land to George, and would not do so.

Thus Roy, to comply with the decree, must execute a statutory warranty deed to land he does not own individually, but jointly, with Annie Laura, with right of survivorship.

In a specific performance action, if a party cannot perform without obtaining the consent of a third person, who withholds consent, the contract will not be enforced so long as the third person withholds consent. Citronelle Turpentine Co. v. Buhlig, 184 Ala. 404, 63 So. 951.

For the errors above pointed out, this decree must be reversed.

Several other points are urged as error by counsel for appellants. Without intimating merit or non merit to these points, we pretermit discussion of them in the interest of brevity, since those points to which we have written are dispositive of this appeal.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.