MADDOX, Justice
(dissenting).
The trial court’s order in this case reads:
“This cause coming on to be heard on the application for temporary relief and the Court proceeded to hear testimony orally, and upon consideration of the same:
“IT IS HEREBY ORDERED, ADJUDGED, AND DECREED
“That the Defendant be removed from the managerial position it is now exercising at Lister Hill Hospital and Marion County Nursing Home until further order of the Court.
“That the Defendant be enjoined from interfering with the management operations of the Plaintiff at Lister Hill Hospital and Marion County Nursing Home until further order of the Court.
“Done this 14th day of November, 1979.
/s/ Bobby R. Aderholt
Bobby R. Aderholt, Judge
“Filed: Nov. 14, 1979
Willouise Harper
Register”
The majority treats this order as one for injunction and reverses the trial court because the court failed to comply with procedural rules for the issuance of an injunction.
The trial court’s order, if characterized as an injunction, suffers from the deficiencies pointed out by the majority, but whether it was an injunction or not, I do not believe that the order should be set aside, because I do not think that Family Health had a right to operate the hospital during the time this matter was here on appeal.
As I understand the facts, Family Health’s contract was one for personal services for a five-year period, to expire on March 1,1981. Marion County claimed that Family Health had breached its contract; therefore, it sought to remove Family Health as the operator of its hospital.
The trial court issued an order which “removed [Family Health] from the managerial position it is now exercising at Lister Hill Hospital and Marion County Nursing Home until further order of the court.” This Court stayed that order, and Family Health was allowed to operate the hospital while the matter was pending here.
Whether Family Health breached its obligation under the contract, or whether the County had a right to remove Family Health as its operator are questions which are yet to be decided in view of the majority decision. By reason of this Court’s decision and the earlier stay order, Family Health has, in effect, been allowed to continue to operate under the contract, even though the County claims that it has breached its obligations thereunder. In short, Family Health has received specific performance of the contract. I do not believe that this contract is one which can be specifically enforced, either directly or indirectly. I believe that the County had the right, if it was willing to suffer the consequences, to remove Family Health as the operator of its hospital.
The question of whether a court of equity may specifically enforce a contract for personal services was cogently discussed in Roquemore and Hall v. Mitchell Brothers, 167 Ala. 475, 52 So. 423 (1910). There, this Court held that “[s]uch contracts are not susceptible of specific performance.”
In the instant case, this Court required Family Health to post a bond when it issued its order staying the execution of the trial judge’s order. It is my personal opinion that if the trial court determines, upon a complete hearing on the merits, that Marion County had a right to remove Family Health as its operator, Marion County should be allowed to recover such damages at law which it may have suffered because of Family Health’s occupation of the premises after November 14, 1979, the date of the trial court’s order which removed it from the managerial position it was then exercising at Lister Hill Hospital and Marion County Nursing Home. On the other hand, if the trial court finds that Marion County wrongfully breached its contract with Family Health, Family Health would *45 be entitled to such damages at law for breach of the contract.
This proceeding was one for a declaratory judgment. The purpose of the declaratory judgment act is a speedy determination of rights without long and expensive litigation. That purpose is somewhat frustrated in this case, because of this Court’s grant of a stay. I dissented at that time.
While I recognize that a contract of employment, involving personal services, which is not specifically enforceable, does not necessarily make declaratory relief improper, I do believe that the trial court, having exercised its discretion to entertain the declaratory -judgment proceeding, can proceed with a determination of the entire controversy, including any legal claims for damages by either party. See 26 C.J.S. Declaratory Judgment § 56, pp. 155, 156; cf., Alabama Football Inc. v. Stabler, 294 Ala. 551, 319 So.2d 678 (1975).
In short, I do not believe that Family Health has a legal right to enjoin the termination of the contract by the County, or has the right to specific performance of its contract.
I respectfully dissent.