Sanford v. Bartholomew.

———

E. H. SANFORD v. SARAH E. BARTHOLOMEW.

SPECIFIC PERFORMANCE—*Tender of Money before Action.* In an action to enforce the specific performance of a written contract whereby the defendant agreed to convey to the plaintiff by warranty deed certain real estate for the consideration therein named, to be paid in money by the plaintiff in thirty days from the date thereof, to the defendant or his order, the tender of the money due upon the contract by the plaintiff to the defendant is a condition precedent to entitle him to demand the conveyance, and he is not entitled to maintain an action to specifically enforce the contract unless he tenders the amount due thereon.

*Error from Wabaunsee District Court.*

ACTION by *Ephraim H. Sanford* against *Sarah E. Bartholomew*, to enforce the specific performance of a written contract executed by the defendant December 8, 1879, to convey to the plaintiff the northeast quarter of section 6, township 14, range 12, in Wabaunsee county, Kansas, by warranty deed. The amended petition was filed October 24, 1881. The answer alleged among other things that the plaintiff had not performed, or offered to perform, any part of the written contract; that the defendant for value, after default and before March 18, 1881, conveyed the land described in the petition to Henry M. Weeks and Joe P. Weeks, and placed them in possession of the same. The answer further alleged that the defendant never executed the written contract set up in the petition. The reply of plaintiff alleged that the said Henry M. and Joe P. Weeks purchased the land with notice of the prior purchase of plaintiff, and had at the time of their alleged purchase full and complete notice of the legal and equitable interest of plaintiff in and to the said premises. Trial at the March Term of the court for 1882, before William Thomson, Esq., Judge *pro tem.* The court found specially as follows:

"1. From all the evidence in the case there was, as alleged in the plaintiff's petition, a written contract on the part of the defendant, of which a copy is set forth in the petition of plaintiff, and the terms of said contract were accepted by the plaintiff on or about December 8, 1879.

"2. The plaintiff was in possession of the land mentioned in said contract on December, 1879, and prior and subsequent thereto up to the latter part of the year 1881.

"3. The plaintiff went into possession of said land by virtue of previous contracts of sale which were annulled by the contracts in suit, and said possession was continued under the latter contract.

"4. Lasting and valuable improvements were placed upon said land by said plaintiff during the time he was in possession thereof, of the value of at least fifty dollars.

"5. On the 18th day of March, 1881, the amount of money under said contract to be paid by plaintiff to defendant, if said contract was then in force, was $393.10.

"6. Prior to the 18th day of March, 1881, the plaintiff in no wise offered to perform the conditions of said contract on his part, and there are no good or any reasons shown why he did not do so.

"7. On the 18th day of March, 1881, plaintiff tendered defendant $381.50 as the amount due on said contract, which tender was refused by defendant.

"8. The plaintiff has never at any time tendered or offered defendant any greater sum upon said contract.

"9. In September, 1880, the defendant conveyed to Weeks & Weeks the land in controversy."

The court also found that there was not a sufficient tender made; that there was due at the time of tender, $393.10, and the plaintiff tendered only $381.50, and that sum in a check. Thereon the court made the following conclusions of law:

"1. The tender above mentioned was not made within a reasonable time after the maturity of the contract.

"2. The said tender was not sufficient in amount.

"3. The defendant ought not to be compelled to specifically perform said contract.

"4. The defendant ought to recover in this action her costs."

The plaintiff thereupon filed his motion for a new trial, which motion was overruled, and judgment entered for the defendant. The plaintiff excepted, and brings the case here.

*E. H. Sanford*, plaintiff in error, for himself.

*A. H. Case*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is alleged that the court erred in finding the amount due from plaintiff to defendant on March 18, 1881, to be $393.10. An examination of the record satisfies us, however, that we must accept the special findings of the trial court as conclusive. On page 31 of the record appears "that none of the evidence is in full." On page 32 of the record is the following: "This was not all the evidence as to taxes. The evidence showed that the amount due from Sanford to defendant at the time of the commencement of the suit and tender, was what the court found, to wit, $393.10."

On page 33 is the following: "This transcript does not contain, and does not purport to give, all the evidence in the case. There was a good deal more evidence given in the case by both sides than is set forth in the transcript, to sustain the special findings of the court." The judge, in certifying to the case-made, used the following language: "I hereby certify that said case-made does not contain all the evidence in the case on many points at issue between said parties, that was presented to me on the hearing."

The question therefore arises, whether the plaintiff was entitled at the commencement of his action to a deed of conveyance from the defendant when he tendered only $381.50, while in fact there was due $393.10. We think not. Before the plaintiff can maintain his action to compel a deed, he must have tendered the amount due on the contract. (*Iles v. Elledge,* 18 Kas. 296.)

This conclusion disposes of the case, and therefore the judgment of the district court must be affirmed.

All the Justices concurring.