## E. H. SANFORD v. OBERLIN COLLEGE *et al.*

RES JUDICATA—*Privies and Parties.* A final judgment rendered in an
action is final and conclusive between the parties and their privies
upon all matters litigated or necessarily involved in the action in
which the judgment was rendered.

### *Error from Wabaunsee District Court.*

ACTION by *Oberlin College* and others against *E. H. Sanford*
and others to foreclose a mortgage. There was a judgment
of foreclosure, at the May term, 1890, and *Sanford* comes
here. The opinion states the facts.

*E. H. Sanford*, plaintiff in error, for himself:

The errors are too numerous to be specially enumerated.
The counterclaim should have been allowed as against all the
defendants in court, and the motion for a new trial should
have been sustained. 4 Am. & Eng. Encyc. of Law, 905; 1
Wall. (U. S.) 14; 39 Ind. 258; Story's Eq., § 389; 35 N. H.
251; 17 Wis. 52; 71 N. C. 161.

Judgment on demurrer leaves the plaintiff at liberty to pre-
sent his complaint in another action. 5 Cal. 428; 6 Minn.
53; 24 Tex. 630; 2 Metc. (Ky.) 554; 42 Mo. 229; 91 U.
S. 526; 60 N. Y. 272; 1 Wyo. 223; Freem. Judg., §§ 110,
263, 267.

*A. Bergen*, for defendants in error:

If these cases, Nos. 6589, 6590, 7265, and 8218, should all
be considered together, the application of the one legal prin-
ciple of *res adjudicata* disposes of them all adversely to the
plaintiff in error, leaving out of view all other questions.

In case No. 6589, for forcible entry and detainer, he is con-
cluded by the prior original judgment of *Weeks v. Sanford.*
Of this, the supreme court says, *per curiam:*

"The whole matter of possession and title between the
parties was fully litigated upon the trial, and, construing all

the pleadings together, the judgment must be necessarily conclusive of the controversy." 39 Kas. 651.

In No. 6590, the petition in error is because the district court spread the mandates of the supreme court on its records and ordered these mandates to be fulfilled.

No. 8218 is an action by petition, filed December 19, 1890, to vacate, for alleged fraud, the above-mentioned original judgment of *Weeks & Weeks v. Sanford*. This precise matter had previously been adjudicated May 28, 1890, by the district court, without the commencement of proceedings in error thereon within one year. The same petition is copied at page 70 of the record, No. 7265, but the judgment which appears, page 7, No. 8218, we do not find in No. 7265. This may have been omitted from the case made "as unnecessary to present the points complained of as error," or which might be complained of.

The tax deed of September 8, 1884, aside from its inherent invalidity and the statute of limitations, was barred by the judgment quieting title rendered August, 1885.

These include all the defenses attempted to be made in this action, No. 7265. At every point the plaintiff in error is excluded by former adjudications from any interest in this property. In his briefs he repeatedly places special emphasis upon his advantages by "pending litigation;" ignoring the maxims as old as the law, that a man shall not be twice vexed for one and the same cause, and that it is for the public good that there be an end to litigation.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Wabaunsee county on November 6, 1889, by Oberlin College, a corporation organized under the laws of Ohio, against J. W. Clark and Eleanora Clark, his wife, and Ephraim H. Sanford and others, to foreclose a mortgage of $5,000 given by the Clarks to C. W. Lane, and transferred by Lane to G. W. Shurtleff, the treasurer and agent of the plaintiff. A trial was had before the court without a

jury, and judgment was rendered in favor of the plaintiff, foreclosing the mortgage for the amount of the principal and interest due thereon, aggregating $6,569, and for costs of suit; and Sanford, as plaintiff in error, brings the case to this court for review. Service of summons in this court was waived by Oberlin College. It does not appear that any summons has been served upon any of the other parties, or that they have waived service.

It appears that originally the title to the mortgaged property was in Sarah E. Bartholemew; that she, on September 27, 1880, conveyed the same to Henry M. Weeks and Joel P. Weeks; that they conveyed the same to John W. Clark; that Clark and wife mortgaged the same to C. W. Lane for $5,000; that Lane assigned the mortgage to G. W. Shurtleff, the treasurer and agent of the plaintiff, Oberlin College, and that, after the mortgage became due, Oberlin College brought this action against the Clarks and Sanford and others, as aforesaid. Sanford filed an answer in the action, setting up and claiming paramount title in himself; first, under a contract in writing between Sarah E. Bartholomew and himself, executed on December 8, 1879, and before she conveyed the property to the Weekses, wherein she agreed to convey the property, upon certain conditions, to Sanford; second, under a tax deed executed by the county clerk of Wabaunsee county to himself, and recorded on September 8, 1884. The plaintiff replied, denying generally all the allegations of Sanford's answer, and alleging that all the matters and things with regard to the alleged contract between Sarah E. Bartholomew and Sanford, and all other matters material to this case, had been determined and adjudicated against Sanford in other actions, and that Sanford's tax deed was absolutely void upon its face and otherwise, and that the statute of limitations had run against it and barred any recovery upon it; and while the record brought to this court is very imperfect, and it is difficult to ascertain just what was done in the court below, yet we are inclined to think that the original cause of action of Oberlin College was fully established by the admissions

and findings, that Sanford's defenses and counterclaims were not established, and that the reply of Oberlin College to Sanford's answer was shown to be entirely true, and that all the rights and interests of Sanford, founded upon his contract with Sarah E. Bartholomew, or upon anything else, were shown to have been adjudicated against Sanford in other actions. With reference to all these matters, and for a fuller statement of the facts in some particulars, see *Sanford v. Bartholomew*, 33 Kas. 38; *Sanford v. Weeks*, 38 id. 319, and *Sanford v. Weeks*, 39 id. 649. See, also, the following cases just decided: *Sanford v. Weeks*, No. 6589; *Sanford v. Weeks*, No. 6590; and *Sanford v. Weeks*, No. 8218. We also think that it was fully shown that Sanford's tax deed was void upon its face, and also that the statute of limitations had completely run against it and barred any right to recover under it or upon it. But these questions are hardly in the case. The paper brought to this court, consisting of about 126 pages, and called a "case made," does not show that we have all the pleadings, evidence, motions, rulings or decisions of the court below. It shows, however, as follows:

"These are so much of all the pleadings, motions, proceedings, evidence, rulings, decisions, decrees, orders, judgments, exceptions, journal entries, and constitute the complete and so much of entire record as is necessary to truly present the points complained of as error."

At the time of settling this "case-made" no petition in error had been filed in the supreme court, and no notice had then been given to the opposite party as to what points would be complained of as error in the supreme court, and no such points have anywhere been mentioned except in the petition in error afterward filed in the supreme court. It is true exceptions were taken to some of the rulings of the court below, and it is possible that these are the points of supposed error intended to be complained of in the supreme court; but it can hardly be said that proper notice to that effect was given to the opposite party. But we shall attempt to decide this case upon its merits, and upon the record brought to this

court we do not think that any material error was committed by any ruling of the court below. Upon the merits, we think the judgment of the court below was correct, and upon this single principle, independent of all others: a final judgment rendered in an action is final and conclusive between the parties and their privies upon all matters litigated or necessarily involved in the action in which the judgment was rendered.

The judgment of the court below will be affirmed.

All the Justices concurring.