## B. L. JONES *v.* J. K. PETERSEN.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED OCTOBER 6, 1902.    DECIDED OCTOBER 25, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Equity will not compel nugatory acts, as, for instance, the specific performance of a contract to convey when the vendor has no title, although it may compel performance in part, when possible, and give compensation for the deficiency.

*Quere*, whether equity should compel performance of a contract to assign a lease, if the lessor refuses to consent to the assignment and the lease by its terms is not assignable without such consent, but, *semble*, the burden of showing such refusal is upon the defendant.

But a lessee's contract to "sell and relinquish all claims and deeds" to the land is not a contract to make a valid assignment or to obtain the lessor's consent, but is a contract to release or convey the lessee's right, title and interest, and may be enforced, the assignee taking his chances upon obtaining the lessor's consent.

### OPINION OF THE COURT BY FREAR, C.J.

This is an appeal from a decree in equity ordering the defendant to specifically perform a contract, the memorandum of which in writing signed by the party to be charged is as follows:

"Hilo Hawaii, H. I., March 13, 1899.
"This is a receipt to prove that I, J. K. Petersen, sell and relinquish all claims and deeds to lots 261 and 278 in the District of Olaa, Island of Hawaii, to B. L. Jones for the sum of $500.00 five hundred dollars, and which I receive $50.00 cash to bind the sale, and $450.00 four hundred and fifty dollars the balance of purchase price when the deeds are transferred to the said B. L. Jones.
(sig.)                          "J. K. Petersen."

The defenses of fraud, inadequacy of consideration and indefiniteness in the form of the contract are abandoned, and the only defense now relied on is that the defendant has not and never had the ability to perform and consequently that a decree of performance would be nugatory.

The defendant's title to the land is that of a lessee under a right of purchase lease, dated April 1, 1898, for twenty-one years from the government, with the right to obtain a patent in fee at any time after three years provided he has made certain improvements and performed the conditions of the lease. See Civ. L., Secs. 239-248 One of the conditions of the lease is that the lessee "shall not assign his said interest under the said lease or any part thereof without the written consent of the Commissioner of Public Lands (*Id.* Sec. 245), and "the violation of any of the foregoing conditions shall be sufficient cause for the Commissioner, with the approval of the Governor, to take possession of the demised premises without notice, demand or previous entry, and with or without legal process and thereby determine the estate created by such lease" (*Id.* Sec. 246), but the lessee may surrender his lease at any time if he has performed its conditions up to that time. *Id.* Sec. 245. The lessee has not yet obtained a patent for the land.

The Circuit Judge seems to have decreed specific performance on the supposition that under the decision in *Fishel v. Turner*, 13 Haw. 392, valid assignments of such leases could be made and agreements therefor enforced irrespective of the statutory requirement of the Commissioner's consent thereto, but obviously that was an unwarranted supposition. In that case the agreement was not to assign the lease but to convey the land when the patent was obtained, and the suit was not brought until after the patent was obtained. But should not the decree be sustained on other grounds?

The defendant's contention is that he cannot make a valid assignment without the consent of the Commissioner, and that since, so far as appears, such consent has not been given, an

attempted assignment would be inoperative, and that equity does not compel nugatory acts.

It is true equity will not as a rule compel a conveyance by one who has no title at all, but in general when a vendor has title to a portion but not to the whole of the subject matter, although he cannot compel performance by the purchaser, yet the latter may compel performance by him so far as possible; and have compensation for the deficiency. Fry, Sp. Per., Secs. 1223 *et seq.* And sometimes the vendor is compelled to endeavor to obtain a good title if he has contracted to convey one. See *Welborn v. Sechrist* , 88 N. C. 287. Whether these principles would apply in this case so as to justify an enforcement of specific performance if the contract were to make a good assignment of the lease and the estate thereby created, we need not say. But we may remark in passing that it does not appear that the consent of the Commissioner cannot be obtained or that any attempt has been made by the defendant to obtain it. It looks very much as if he did not want to obtain it. It would seem that the burden would be on him to show that he could not obtain it. *Borden v. Curtis,* 46 N. J. Eq. 468. Plaintiff's counsel say in their brief that the Commissioner has informed them that he consents to such assignments almost as a matter of course and would consent to this assignment upon proper application, but there is no evidence on this point.

As we construe it, the contract was not to make a good assignment of the lease and the term but to give up to the plaintiff all the defendant's interest therein or rather claim thereto. The words are, "sell and relinquish all claims and deeds" to the lots in question. This was not an undertaking to obtain the consent of the Commissioner or to pass a good title. It was rather in the nature of an agreement to release and quitclaim. In such cases even the purchaser cannot set up defectiveness of title. Fry, Sp. Per., Secs. 857, 1287. Much less should the vendor be permitted to set up deficiencies in his own title. In this case, the circumstances were all known to both parties. They knew what they were doing. Whether this was the con-

struction placed upon the contract by the plaintiff and the Judge below is perhaps not altogether clear. The prayer of the bill in this respect was that the "defendant be directed and required to make, execute and deliver to plaintiff a good and sufficient deed or assignment of his interest in said land", &c., and for other relief, &c., and the decree was that the defendant "execute and deliver to the plaintiff, B. L. Jones, a good and sufficient deed of conveyance, conveying all his right, title and interest in and to said land and make an assignment of his right of purchase lease", &c. If this means a deed good and sufficient in form releasing defendant's claims, or his right, title and interest, we see no objection to it. If it means a deed conveying a good title not subject to forfeiture, in other words, that the defendant must procure the consent of the Commissioner, it goes too far. By the terms of the decree, however, the form of the deed was to be settled by the Judge, and we will presume that he will settle it in accordance with the views here set forth.

The only case cited *contra* by the defendant that need be specially noticed is that of *Hurlbut v. Kantzler*, 112 Ill. 482. That is distinguishable from this in several respects. For instance, in that case the contract was to sell the lease and not merely the lessee's claims and the lessor not only would not but could not consent to the assignment, for not only had it expressly refused to consent, but the lease had been surrendered and a new lease for a different term had been executed to other parties.

The defendant here contracted to relinquish his claims to the plaintiff and if the latter is satisfied with a release of those claims on the faith that he himself can obtain the Commissioner's consent, we do not see why the defendant should object.

The decree is affirmed on the theory that it requires the defendant to do what he agreed to do, that is, merely release his interest or claims, and so far only on this point. No objection is made to the other terms of the decree. The case is remitted to

the Circuit Judge for such further proceedings as may be necessary, consistent with this opinion.

*Wise & Ross* for plaintiff.

*Smith & Parsons* for defendant.