B. B. THOMPSON, *Appellant,* v. M. MUSICK, *Appellee.*.

No. 17,197.

#### SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Complete Performance Impossible—Partial Performance Denied.* Upon the findings of fact it is *held,* that the trial court properly refused to compel the partial performance of a written contract for the exchange of real estate.

Appeal from Marion district court. Opinion filed July 7, 1911. Affirmed.

*H. S. Martin,* for the appellant.

*W. H. Carpenter,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: Action for the specific performance of a written contract for the exchange of real estate. The court gave judgment for the defendant and the plaintiff appeals.

The court found the facts which, briefly summarized, are as follows: The parties live in the city of Marion and agreed in writing to an even exchange of their residence properties. It developed at the trial that defendant, who is a woman 62 years of age, owns but an undivided one-half interest in the property she agreed to convey. The title to the other half is in the children of her deceased husband and they refused to join in a conveyance. The court found that at the time the contract for exchanging properties was entered into the plaintiff knew that the defendant owned only a one-half interest in her home and that it would require conveyances from the other heirs before the contract could be carried out. This finding is challenged and error is assigned upon the refusal of the court to modify it. There was abundant evidence, however, to support all the court's findings. One finding is that plaintiff,

before bringing her action, tendered to defendant a sufficient warranty deed conveying the whole title to her property, which tender was refused, and that at the trial she was not willing to convey the entire title to her property, but offered to convey an undivided one-half interest therein to the defendant and asked for specific performance of a contract for the conveyance of the same interest in the defendant's property. The court found that there was no fraud or overreaching on the part of either plaintiff or defendant.

As a conclusion of law the court held that it could not make a new contract for the parties and that the plaintiff was not entitled to the relief demanded.

The judgment meets with our approval and is supported by abundant authority. Partial performance of a contract for the conveyance of real estate will sometimes be decreed where the equities of the case are such as appeal to the judicial discretion of the court. Thus, where the purchaser has entered into the contract in ignorance of the vendor's incapacity to convey the whole title, equity may compel the vendor to perform to the extent of his ability and allow an abatement of the purchase price for any deficiency. (*Crockett v. Gray,* 31 Kan. 346; *Keepers v. Yocum,* 84 Kan. 554; 36 Cyc. 740-742.) Here the plaintiff knew the situation and the condition of defendant's title and must be held to have contracted with reference thereto. Moreover, specific performance is not a matter of right but of equity, and whether it will be decreed rests always in the sound judicial discretion of the trial court. (*Shoop v. Burnside,* 78 Kan. 871, and cases cited in the opinion.) To have granted the specific relief asked for in this case would have required the court first to make and then to enforce a new contract between the parties.

As there was no occasion for the counter abstract the cost therefor will be taxed to the appellee.

The judgment is affirmed.