No. 23,535.

EMMA L. REDDEN, *Appellant*, v. O. J. BAUSCH, *Appellee.*

SYLLABUS BY THE COURT.

1. OPTION TO PURCHASE LAND—*Conditions of Option Must Be Complied With.* The holder of an option to purchase land cannot impose a duty on the vendor to convey unless he exercises his option and tenders substantial compliance with the terms and conditions of the option within the time agreed upon.

2. SAME—*Tender of Compliance Must Be Made to Vendor.* To make such a tender effective it must be made to the vendor or to someone authorized to represent him.

3. SAME—*Conditions of Option Not Complied With.* The evidence and findings examined, and it is held that the purchaser did not exercise his option and tender compliance with the terms and conditions thereof within the time limited.

4. SAME—*No Waiver.* It is further held that the evidence does not support the finding as to a waiver by the vendor of the purchaser's noncompliance with the terms and conditions of the option.

5. SAME—*Inconsistent Special Findings.* Where the general verdict has been set aside and special findings returned are inconsistent with each other and material ones are without support in the evidence, a judgment based thereon cannot be upheld.

Appeal from Shawnee district court, division No. 1; JAMES A. MCCLURE, judge. Opinion filed February 11, 1922. Reversed.

*Charles Blood Smith, S. H. Allen, Otis S. Allen,* and *George S. Allen,* all of Topeka, for the appellant.

*Lee Monroe, Guy L. Hursh,* and *C. M. Monroe,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff, Emma L. Redden, brought this action against O. J. Bausch, to recover a quarter section of land and the relief asked being denied, she appeals.

The plaintiff who held a life estate in the land entered into a contract with the defendant by which she leased it to him for one year beginning March 1, 1919, for a rental of $500 a year, one-half of the rental was paid when the lease was executed and the remainder for which a promissory note was executed, was to be paid on or before September 1, 1919.

In the contract the defendant was given an option to buy the land within six months from March 1, 1919, for the sum of $8,750. One-half of the purchase price was to be paid in cash and for the remainder he was to give his notes bearing 6% interest, secured by first mortgage on the land, and it was stipulated that if he exer-

cised the option the amount paid on the lease should be applied as part of the purchase price. On August 29, three days before the expiration of his option, the defendant went to the home of the plaintiff with the expressed intention of exercising his option of purchase, but did not find Mrs. Redden at home. He then went to the office of Otis S. Allen, who had drawn the lease and told him that he desired to purchase the land, and there he made and left with Allen a check for $2,000 payable to the order of the plaintiff and stating that he would come down at a later time, when the papers were executed and he would then pay the balance of the price, execute the mortgage and complete the transaction. Allen suggested that it would take nine or ten days in which to complete the papers but he stated and the jury found that Allen had no agency or authority to speak for the plaintiff. On August 31, 1919, Mr. Allen reached the plaintiff and communicated the fact that Bausch had expressed a desire to buy the land and had left a check with him payable to her order for $2,000. At that time she did not say anything about the acceptance of the check or the recognition of the option. On September 8, 1919, Mr. Allen wrote to the defendant, stating that as Mrs. Redden had told him that as she only had a life lease on the property, it was impossible for her to transfer the title to him and inquired what he desired to have done with the check which had been left with him. No reply was received to this letter and on September 18, 1919, Allen wrote another letter to the defendant and enclosed the check for $2,000 and stated that he wished him to remit him the $250 already due for rent on the farm. The defendant did not tender the $4,250 cash payment required under the option contract nor did he ever interview or see the plaintiff again after that time. It appears that on March, 1920, no part of the balance due on the rent had been paid, but the defendant continued to occupy the premises for the year 1920. The lease provided that no act of either or both parties should be construed as an extension of the lease unless the same was reduced to writing by both parties. The jury returned a general verdict finding that plaintiff was entitled to recover the possession of the land in question, and further finding for the defendant against the plaintiff awarding him a recovery in the sum of $1,250.

With the general verdict answers to special questions were returned showing that the jury allowed the plaintiff $250, the full

Redden v. Bausch.

amount due on the note which defendant had given her, allowed her $500 for the occupancy of the premises in the year 1920, and also finding that he occupied the premises with the assent of the plaintiff. There was a finding that Otis S. Allen was not the agent of the plaintiff, and it was further found that the plaintiff never ratified any of his acts in behalf of the plaintiff at the time the defendant stated to Allen that he had elected to purchase the farm. In response to a question as to whether she had waived compliance with the terms of the option they answered "yes," that she had waived the sale provision by being unable to furnish a good title. They found also that the reasonable market value of the land on September 1, 1920, the time fixed in the option, was $9,250, which was $500 more than the option price, and therefore they allowed the defendant $500 as damages.

Another finding was to the effect that the plaintiff prior to the institution of the suit made no objection to the amount of the tender, or the manner of the tender, and that the only reason she assigned for not completing the sale of the land was that she could not give a clear title.

A motion was made by plaintiff to set aside special findings of the jury as well as for judgment on the remaining findings, notwithstanding the general verdict. The defendant also made a motion for a new trial and also asked for judgment on the special findings of the jury. The court denied the motion for a new trial, overruled the motion of defendant to set aside special findings, except finding number 18, which was held to be without support in the evidence, sustained the motion of the defendant to set aside the general verdict of the jury and rendered judgment on the special findings of the jury as to defendant's right of possession for the year 1920.

The judgment in effect denied plaintiff the possession of her land, awarded her a recovery against defendant of $281, the balance of the rent for the year 1919, and allowed defendant $500 as damages upon the option contract as a set off to the $500 due to the plaintiff for the use of the land for the year 1920. When the general verdict and part of the special findings were set aside, all of them should have been set aside and a new trial of the case ordered. The evidence and findings did not warrant the judgment that was rendered. There was no substantial compliance with the option agreement by the defendant. He did not tender the $4,250 due

upon an acceptance of the option agreement within the time limited nor at any other time. The tender of the agreed amount was essential to the right of the defendant to demand a conveyance of the land. (*Sanford v. Bartholomew,* 33 Kan. 38, 5 Pac. 429.) No tender was made to plaintiff at any time nor to anyone authorized to represent her. Defendant did not even notify her or any agent of hers that he desired to exercise his option. He did call on one Allen and expressed to him a purpose to purchase the land and left with him a personal check for $2,000, saying to Allen that he would pay the balance when the papers were made out. The finding of the jury, however, shows that this attempt of defendant to exercise an option was abortive. It was found that Allen was not an agent of the plaintiff, had no authority to act for her, and further, that she never ratified any of his acts in taking the check or in anything said or done by him relating to the option. As to her, Allen was a stranger and the defendant's dealings with him were no more effective than if he had told any stranger on the street of his purpose regarding the option, and had handed him a check to be applied on the proposed purchase. She did learn of his call upon Allen and of his making the check the day before the option expired, but there is nothing in the testimony to show that she made any response to the information and she probably felt that there was no occasion to say or do anything until an authoritative election to take the property had been made and compliance with its conditions had been tendered. She did not know whether or not the check was good or whether or not the defendant would be able to pay or to tender payment required under the option. No action on her part was necessary until the defendant came to her within the time specified with an election to purchase and an offer of compliance with the specified conditions. The agreement between the parties was only an option and before there was an obligation on the part of plaintiff to sell, it devolved on the defendant to tender compliance with the terms and conditions of the option. When it was found that the negotiations with Allen were unauthorized and had not been ratified by plaintiff anything approaching compliance with the conditions of the option was taken out of the case. There is no proof that the defendant has ever asked plaintiff to convey or has ever made an offer to her to comply with the terms of the option. Counsel argue that Allen must have been acting for someone, and that plaintiff is as much bound by the

arrangement between Allen and the defendant as if it had been made between the defendant and herself. That inference is in direct contradiction of the finding of the jury and if it were warranted is only a reason for holding the findings to be unsupported and conflicting. It is said that the plaintiff waived compliance with the terms of the option by having since the expiration of the option found herself to be unable to give a good title to the land. The evidence does not show that she ever made such a statement to the defendant. A declaration of that kind was made by Allen and not by the plaintiff, and his statements, as we have seen, were not binding upon nor ratified by her. It does appear that plaintiff holds only a life estate in the land and that those holding the legal title do not desire to sell. While one not having a title to the land may bind himself to furnish a deed to it and incur liability for damages for breach of such an agreement (*Robertson v. Talley,* 84 Kan. 817, 115 Pac. 640), the remedy of specific performance in such a case is not available. If the vendor has no title and performance is impossible, a court will not enter a decree that would be fruitless or nugatory. (*Thompson v. Musick,* 85 Kan. 399, 116 Pac. 612; 25 R. C. L. 245.) The direct question as to whether the defendant knew that the plaintiff had only a life estate, when the option agreement was made, was submitted to the jury and the answer was "no." This answer was set aside by the court as untrue and the inference is that he did know and if so he had no right to insist on either performance or damages. (*Thompson v. Musick,* supra.) So far as the waiver of compliance is concerned, the evidence does not show that a proper demand has ever been made for a conveyance and if it had been made the plaintiff was entitled to set up defendant's failure of compliance or any other valid reason she might have had for not conveying the land.

We think the evidence does not support the findings as to waiver and that other findings are inconsistent with each other and insufficient to form a basis for a judgment.

The judgment will therefore be reversed and the cause remanded for a new trial.