No. 26,041.

The Farmers National Bank, *Appellee,* v. M. E. Glidden et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. Mortgages—*Foreclosure by Action—Liability for Wrongful Procedure.* In an action to foreclose a deed given as a mortgage, the proceedings considered, and *held,* that an attempt by the mortgagee to quiet title to the land covered by the deed (which was unsuccessful) and unjustifiable demands by the mortgagee were not, under the circumstances, sufficient to warrant a recovery of damages by the mortgagor.

2. Same—*Junior Lien Holder—Protection Against Prior Liens.* A junior lien holder may protect his interest in land by paying prior liens or encumbrances and may recover the amount paid from the one liable therefor.

3. Same—*Payment of Taxes by Mortgagee—Lien.* A mortgagee may pay delinquent taxes on the land covered by his mortgage and have a lien against the land therefor.

4. Same—*Generally.* Various alleged errors considered and held not to be well taken.

Appeal from Sherman district court; Charles I. Sparks, judge. Opinion filed October 10, 1925. Affirmed.

*John Hartzler,* of Goodland, for the appellants.
*E. F. Murphy* and *E. E. Euwer,* both of Goodland, for the appellee.

---

1. Mortgages, 27 Cyc. p. 1657.  2. Id., 27 Cyc. p. 1436.  3. Id., 27 Cyc. pp. 1254, 1256.  4. Id., 27 Cyc. p. 1407.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to foreclose a deed given as a mortgage on land in Sherman county. Plaintiff prevailed and defendants appeal.

John Elliott, owner of a section of land, in 1919 entered into an agreement to sell it to M. E. Glidden for $19,140. Of this consideration, $8,000 was in the form of a mortgage assumed by Glidden (held by the First National Bank). Glidden paid Elliott $6,340 cash of his own, and borrowed of the Farmers National Bank $4,800 to make up the $19,140. To secure this loan of $4,800 he turned over to the bank his deed (grantee in blank).

Glidden took possession of the land and leased it successively to the father of John Elliott for 1921; Bert Elliott, the brother of John, for 1922, and up to March 1, 1923; then to Cecil Charles.

On March 8, 1922, the Farmers National Bank inserted its name in the deed as grantee, had the deed recorded, and, on May 11, 1922, brought suit against the First National Bank to quiet title to the land. On his own motion, Glidden was made a party defendant. The action was litigated and decided in his favor. The Elliotts, however, refused to surrender possession until compelled to do so under charge of contempt.

The petition in the instant case stated several causes of action based on interest coupon notes, interest payments made by the plaintiff on prior mortgages, and taxes on the land. These items amounted to approximately $1,798, in addition to the $4,800 mortgage. The previous litigation had been determined. In the instant case the defendants filed a cross petition, claiming damages on account of the former litigation. The issues were joined, the case tried to the court, and judgment for the plaintiff rendered July 22, 1924.

The court's findings were made in a letter addressed to the attorneys. It read:

"I am finding for the plaintiff on the several causes of action set out in petition. The cross petition is not sustained, because all of the negotiations should be considered together in determining whether there was or was not a tender. It is true that at a certain time during the negotiations the bank unjustifiably asked for pay for seed wheat, but when Shimeall was at bank on October 27, 1924, the seed-wheat claim was not demanded by the bank, and such is shown on exhibit, which is Mr. Shimeall's figures.

"The bank wavered somewhat in their demands, sometimes demanding one item or items, and other times demanding others, but on the whole they did

not during the last negotiations take a positive stand that the amount claimed by it would be the only amount acceptable and none other, and their wavering demands would indicate to those who were attempting negotiations with it that the proper course of procedure was to tender the bank the actual amount due on the deed held by bank, which was in fact a mortgage.

"While Rhoads interceded in Glidden's behalf and said that he wanted to pay his indebtedness, yet when it came to the 'show-down' he could not because his wife was not here to sign the papers, and so the things he said he could do previous to that time could not be done when the time came.

"There was no sufficient tender made, or really none at all, and for that reason Glidden could not rightfully have damages because he had not, by a failure so to act, placed the bank in a wrongful position.

"As to the damages for the action to quiet title brought by the bank: It did not succeed because it entertained a wrong theory of the law, and if everyone who adopts a mistaken legal course would be liable therefor, we would have many cases seeking to make the other party pay all expenses.

"Unless the damages asked were compensatory, or the action malicious, the defendant could not recover on that branch of the case. One fact was established in that case, that the deed was a mortgage, and the bank paid the 'fiddler.'

"There are no facts in relation to said case that warrant allowance of damages therein.

"The relief asked for in cross petition is denied, except Glidden should have credit for amount of rents and profits from land in 1922 and is given eighteen months redemption."

The defendants make several contentions, all relating to the acts of the plaintiff in inserting its name as grantee in the deed, claiming to own the land, attempting to quiet title, and its excess claims when the defendants were attempting to make settlement. It is contended that the plaintiff is estopped from foreclosing the deed as a mortgage and from enforcing the note for which the deed was given as security, because the bank changed and mutilated the deed; that the plaintiff is barred and estopped from recovering the interest and tax items, approximating $1,798, because of its alleged active, willful fraud; and that, because of the bad faith and wrongful conduct, the defendants are entitled to attorneys' fees and punitive damages. It is apparent, from the evidence and findings of the trial court, that there was no justification for the wrongful conduct of the plaintiff in its attempt to take advantage of the defendants, and yet the record is not such as to justify this court in setting aside the findings of the trial court or substituting its findings therefor. The court found that the plaintiff, during the negotiations for settlement, sometimes demanded one item and at other times other

items, but, on the whole, did not take a positive stand, and that, under the circumstances, the proper procedure would have been for the defendant to tender the plaintiff the actual amount due on the deed. We are of the opinion that a tender of the amount due was essential to a demand by the defendants for a conveyance of the land from the plaintiff to the defendants. (*Redden v. Bausch,* 110 Kan. 625, 204 Pac. 752.) Also, that an action for damages would not lie, under all the circumstances, unless a tender and demand had been made. It is contended that the attitude of the plaintiff was such that a tender would have been unavailing, and therefore was not necessary. We do not concur in that view. The plaintiff argues that its action was not fraudulent nor malicious, and that it should not be penalized for having taken a mistaken legal course or for having proceeded upon a wrong theory. Ordinarily a litigant is not liable in damages because of having made a mistake in his legal course. In such a case he very properly pays the costs incident to his mistake. If the facts and circumstances were not sufficient to form a basis for damages in favor of the defendants, then of course there is no reason why the plaintiff should not recover the interest paid on prior encumbrances, and the taxes. Junior lien holders may pay prior liens or encumbrances to protect their interest, and where such prior encumbrances are paid, the junior lien holder may recover from the one obligated to pay. (See 19 R. C. L. 399, 477.) Mortgagees may pay taxes which become delinquent through failure of the owner to pay, and may have a lien against the land for the taxes paid. (R. S. 79-2901; *Fitzgerald v. Fitzgerald,* 97 Kan. 408, 155 Pac. 791; *Insurance Co. v. Puckett,* 97 Kan. 428, 155 Pac. 930; 19 R. C. L. 401.)

In our opinion there was sufficient evidence to sustain the findings of the trial court, which necessitates an affirmance.

The judgment is affirmed.